United States District Court
Southern District of Texas
**ENTERED**
February 03, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH D. CANCINO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00049 |
| | § | |
| BRIAN COLLIER, *et al.*, | § | |
| | § | |
| Respondents. | § | |

### ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Petitioner Joseph D. Cancino, an inmate in the Wynne Unit in Huntsville, Texas, filed a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2254. D.E. 11. Cancino challenges his 2017 Nueces County convictions for murder and aggravated assault with a deadly weapon. D.E. 11, 17.

Respondent, Texas Department of Criminal Justice (TDCJ), filed a motion for summary judgment, to which Cancino responded. D.E. 23, 24. United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R), recommending that the Court grant TDCJ's motion, dismiss this action, and deny a certificate of appealability. D.E. 25. Pending before this Court are Cancino's objections to the M&R. D.E. 26. For the following reasons, the Court **OVERRULES** the objections and **ADOPTS** the M&R in its entirety.

## STANDARD OF REVIEW

The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## CASE SUMMARY

**Initial State Court Proceedings.**  A jury convicted Cancino of murder and aggravated assault with a deadly weapon.  D.E. 22-44, p. 7.  The principal issues at trial were whether Cancino acted intentionally and whether he acted in self-defense.  *Id.* at 51. In a detailed memorandum opinion, the Texas Thirteenth Court of Appeals affirmed Cancino's conviction.  *Id.* at 50 (overruling issues raised about sufficiency of evidence, jury instructions, improper communication with and intimidation of jury, self-incrimination, and falsity of material evidence).  Cancino's motions for rehearing and en banc consideration were denied.  D.E. 11, p. 2.  He did not file a petition for discretionary review with the Texas Court of Criminal Appeals.  *Id.* at 3.

**State Habeas Proceeding.**  Cancino turned to state habeas corpus procedures under Texas Code of Criminal Procedure Article 11.07 and Texas Rule of Appellate Procedure 73. He filed with the Texas Court of Criminal Appeals an application for a writ of habeas corpus, requesting relief based on alleged actual innocence, conflicting witness testimony,

newly discovered witness testimony, and ineffective assistance of counsel.  D.E. 22-44, pp. 16–25.  Specifically, Cancino asserted:

> (1) His ineffective trial counsel precluded the jury from viewing the full available surveillance footage;
>
> (2) Two "individuals with personal knowledge of the night in question have provided conflicting information regarding their views on the ambush against Cancino"; and
>
> (3) Newly discovered evidence from a witness establishes that Cancino is innocent.  *Id.*

Cancino asserts that this video and witness evidence would have led to a different verdict by supporting his assertion of self-defense or proving his actual innocence.  *Id.*

In its answer, the State briefed the following arguments:

> (1) Cancino could have raised his arguments during his direct review with the Thirteenth Court of Appeals, and his failure to do so constitutes a forfeiture of the argument.  D.E. 22-44, pp. 33–34, 36, 41–42; *Ex Parte Carter*, 521 S.W.3d 344, 347–48 (Tex. Crim. App. 2017).
>
> (2) Cancino's collateral attacks on the sufficiency of the evidence to support the conviction are inappropriate in habeas corpus proceedings.  D.E. 22-44, pp. 34, 36, 38–39, 40, 42; *Ex Parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App. 1981).

(3) Actual innocence is not a method for attacking the sufficiency of evidence to convict; entitlement to relief on a "bare claim of innocence" requires newly discovered evidence that constitutes affirmative evidence of the applicant's innocence. Cancino's arguments do not stem from evidence that was not fully available at the time of trial. D.E. 22-44, pp. 34–35, 39, 40, 42–43; *Ex Parte Franklin*, 72 S.W.3d 671, 677 (Tex. Crim. App. 2002); *Ex Parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006) (noting evidence is not newly discovered if the evidence was available at the time of the applicant's "trial, plea, or post-trial motions").

The state trial court, without a hearing or a detailed written order, recommended that Cancino's habeas petition be denied. D.E. 22-44, pp. 80–81; Tex. Crim. Proc. Code Ann. § 11.07. The Texas Court of Criminal Appeals then denied Cancino's petition without a written order. D.E. 22-43.

**Federal Habeas Petition.**  Having exhausted his state habeas rights, Cancino then filed in federal court an amended habeas corpus petition requesting relief on the same grounds and with the same evidence described in his state habeas petition. D.E. 11, pp. 2–10. In support of his federal habeas petition, he also submitted a memorandum arguing that a hearing is necessary to resolve "facts material to the applicant's confinement." D.E. 17, p. 5.

**DISCUSSION**[1]

**Cancino's Objection to the Standard of Review**

Cancino first objects to the Magistrate Judge's deferential review of the state court's habeas decision and argues that a de novo standard of review applies. D.E. 26, p. 2 (referencing D.E. 25, pp. 3–6). He asserts that "before 2254(d) applies, the state court must have both decided the merits and have provided an adequate hearing and found facts that are supported by the record." D.E. 26, p. 2. He states, "Where, as here, Cancino did not receive an evidentiary hearing, the [federal] district court should have heard the writ and should have conducted discovery and a [sic] held a hearing independent from the state court proceeding." D.E. 26, p. 3. But the relevant rule is that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits"—thus failing to trigger a de novo standard of review—"in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

As will be discussed below, there is no requirement that the state court hold an evidentiary hearing before the deferential Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) standard of review applies. That standard applies when the state court decision is based on the merits. Cancino presents no authority—nor could the Court locate

---

[1] The Court recently rejected M&R objections that were almost identical to those here. *Gaytan v. Collier*, No. 2:19-cv-316, 2021 WL 1170216 (S.D. Tex. Mar. 29, 2021), *mot. for certificate of appealability pending*, No. 21-40242 (5th Cir. July 7, 2021).

any—to indicate that his case does not warrant the presumption that the state habeas court made its decision on the merits.  D.E. 26.

Cancino relies primarily on *Nobles v. Johnson*, 127 F.3d 409 (5th Cir. 1997).  There, the Fifth Circuit considered, but did not hold, that the lack of an evidentiary hearing might mean that a state habeas court did not base its decision on the merits (thus triggering a different standard of review under the AEDPA).  *Id.* at 415–16.  However, this Court notes that proceedings like Cancino's (without a hearing or detailed written opinion) have been widely accepted by courts as indicating that a decision was based on the merits.  *E.g.*, *Valdez v. Cockrell*, 274 F.3d 941, 949 (5th Cir. 2001); *Harrington*, 562 U.S. at 99.

More specifically, in *Harrington*, the Supreme Court clarified that a deferential AEDPA standard applies even where—as here—the state court habeas decision is unexplained or lacks express findings, so long as the matter was presented.  562 U.S. at 99.  Cancino clearly presented his claims to the state habeas court, thus warranting the presumption that the state habeas court made its decision on the merits.  *Compare* D.E. 22-44, pp. 16–25, *with* D.E. 11, pp. 2–10.

Cancino also draws on inapplicable death penalty cases for the proposition "that federal courts routinely evaluate state habeas decisions under a de novo standard."  D.E. 26, p. 8.  But his case is distinguishable from the cited cases:  he is not a death penalty inmate where procedures warrant an evidentiary hearing on competency before execution;[2]

---

[2] D.E. 26, p. 6; *Panetti v. Quarterman*, 551 U.S. 930 (2007) (no AEDPA deference applied because Eighth Amendment-specific procedure entitled the death penalty prisoner to an evidentiary hearing on competency to be executed at the time the execution was to be carried out).

nor is he entitled to de novo review because the state court failed to address an issue.[3]  And despite Cancino's assertions otherwise, the Supreme Court did not apply a de novo standard of review in his cited habeas cases, *Ramdass* and *Weeks*.[4]

Cancino argues that the lack of an evidentiary hearing at various stages of his litigation entitles him to a de novo review of his federal claims in federal court.[5]  D.E. 26, pp. 4–6, 12.  But Fifth Circuit law makes clear that while the convicting state court may utilize, among other things, affidavits, depositions, additional testing, and hearings to properly resolve facts material to the habeas action,[6] a full and fair hearing in state court is not a prerequisite to applying AEDPA's deferential scheme.  *Valdez*, 274 F.3d at 949; *see also* 28 U.S.C. § 2254(e) (addressing the presumptions to be accorded to state habeas decisions and rare circumstances under which a new hearing may be ordered).  Cancino also cites to *Siripongs v. Calderon*, 35 F.3d 1308, 1318 (9th Cir. 1994), but the case was decided prior to the enactment of the AEDPA and thus does not apply.

---

[3] D.E. 26, pp. 6, 8; *Rompilla v. Beard*, 545 U.S. 374 (2005) (The state habeas court had unreasonably applied federal law with respect to the first prong of *Strickland*—adequacy of representation.  In the absence of the state court's consideration of the prejudice prong, the federal court had no alternative but to consider it de novo.).

[4] D.E. 26, pp. 8–9; *Ramdass v. Angelone*, 530 U.S. 156 (2000); *Weeks v. Angelone*. 528 U.S. 225 (2000).

[5] The M&R did not consider or address the issue of whether the state habeas court afforded Cancino adequate review of his claims when it did not conduct a hearing.  D.E. 25, p. 9 n.4 (citing D.E. 1, p. 10; then citing D.E. 11).  The Magistrate Judge explained that Cancino did not assert this ground for relief in his amended federal habeas petition, despite doing so in his original federal habeas petition.  *Id.*  Nevertheless, the Court will address Cancino's argument regarding the lack of an evidentiary hearing in state court.  Generally, a claim raised for the first time in objections to an M&R is not properly before the district court and therefore is waived.  *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also, e.g.*, *Place v. Thomas*, No. 2-40923, 2003 WL 342287, at *1 (5th Cir. Jan. 29, 2003) (per curiam).  The Court is unclear as to whether Cancino's memorandum in support of his habeas petition raised the issue.  D.E. 17, pp. 4, 5–6.  Even if Cancino did not raise the issue for the magistrate judge's consideration, a court may construe an issue raised for the first time in an M&R objection as a motion to amend and may grant the motion when justice so requires.  *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).  Therefore, the Court may consider Cancino's argument either by (1) inferring that he did not waive the claim because he raised it in earlier submissions to the Court or (2) construing Cancino's objection as a motion to amend, which the Court would grant in order to consider the issue.  *Armstrong*, 951 F.2d at 630; *Riascos*, 76 F.3d at 94.  Because the Court rules against Cancino on this issue, it does not give Respondent an opportunity to respond.

[6] Tex. Code Crim. P. Ann. art. 11.07 § 3(d).

Cancino has failed to demonstrate that the Magistrate Judge erred in applying a deferential standard of review to his case.  For the reasons discussed above, the Court **OVERRULES** his objection on this issue.

### Cancino's Objections to M&R on the Merits

Cancino objects to the Magistrate Judge's conclusions regarding his claims of actual innocence and ineffective assistance of trial counsel.  D.E. 26, pp. 7–8, 9–12 (responding to D.E. 25, pp. 9–18).  However, he simply re-urges his arguments about his federal claims, failing to point to specific error in the Magistrate Judge's analysis of those claims.

Regarding the ineffective assistance of counsel claims, the Magistrate Judge conducted a thorough analysis applying the relevant *Strickland*[7] standard to the evidence that Cancino presented.  D.E. 25, pp. 13–18 (discussing video footage and testimony of four witnesses).  Cancino did not respond to the Magistrate Judge's concerns (1) that he compares eyewitness testimony about the shooting to video surveillance footage that does not show the shooting (*Id.* at 13–14), (2) about the lack of admissible evidence (e.g., hearsay) regarding potential witness testimony (*Id.* at 15–17), (3) that McDaniels' testimony does not qualify as "recanting" (*Id.* at 15–16), or (4) regarding the sufficiency of the evidence (*Id.* at 16–17).

Regarding the actual innocence claim, Cancino states that the M&R lacked "any analysis or application of Supreme Court law with respect to the innocence claims."  D.E. 26, p. 11.  However, the Magistrate Judge fully addressed the matter.  D.E. 25, p. 10.

---

[7] *Strickland v. Washington*, 466 U.S. 668 (1984).

8 / 10

The purpose for objections to an M&R is for the petitioner to demonstrate how the magistrate judge erred.  An objection that merely reiterates a previous argument without specifically challenging the magistrate judge's findings or conclusions is insufficient to comply with 28 U.S.C. § 636(b)(1)(C).  *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (holding that right to de novo review is not invoked when a petitioner merely re-urges arguments contained in the original petition); *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998) (emphasizing that while district courts have an obligation to conduct a de novo review on objected-to findings, "the district court should not be compelled to ignore that the parties had a full and fair opportunity to present their best evidence to the magistrate judge.").  Because Cancino has failed to point to specific error in the M&R, the Court **OVERRULES** his objections, if any, to the Magistrate Judge's conclusions regarding his actual innocence and ineffective assistance of counsel claims.

## CERTIFICATE OF APPEALABILITY

The Magistrate Judge recommends that the Court deny Cancino a certificate of appealability (COA).  D.E. 25, p. 19.  In his objections, Cancino merely re-urges his COA request.  D.E. 26, p. 12.  He does not provide any new reasoning, case law, or facts to demonstrate he meets the standard for issuing a COA.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating COA issuance standard for claims rejected on the merits and on procedural grounds).  Because Cancino fails to show that the dispositive issues in this case are debatable, the Court **DENIES** his request for a COA.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, as well as Cancino's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, the Court **OVERRULES** Cancino's objections and **ADOPTS** the Magistrate Judge's findings and conclusions.   Accordingly, the Court **GRANTS** Respondent's Motion for Summary Judgment (D.E. 23) and dismisses Cancino's petition (D.E. 1).   The Court **DENIES** Cancino's request for a certificate of appealability.

ORDERED on February 3, 2022.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE